**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo India Films Limited, | No. CV-19-04803-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

Defendant GoDaddy.com LLC ("GoDaddy") is an internet domain name registrar; Plaintiff Leo India Films Limited ("Leo") operates einthusian.tv, a subscription website streaming Indian and other South Asian films. Leo registered the einthusan.tv domain name ("Domain") with GoDaddy in February 2013, agreeing to GoDaddy's Universal Terms of Service ("UTOS") in the process. In July 2019, GoDaddy suspended the Domain in response to a notice from Indian law enforcement that Leo had been accused of and was being investigated for piracy and copyright infringement. As a result, Leo's subscribers have been unable to access the Domain and Leo has been unable to transfer it to a new domain registrar. Leo soon brought this lawsuit, alleging contract and tort claims against GoDaddy based on its suspension of the Domain.

Leo alleges federal jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). GoDaddy has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing there is no federal

jurisdiction because the UTOS explicitly limits GoDaddy's total aggregate liability to $10,000. (Doc. 18.) Ordinarily, a good-faith allegation that the amount in controversy exceeds $75,000 satisfies the jurisdictional requirement. *Pachinger v. MGM Grande Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986). Dismissal is appropriate, however, if it appears to a legal certainty that the claim really is for less than the jurisdictional amount. *Id.* at 363-64. "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* at 364 (quoting 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48-50 (2d ed. 1985)). This case falls within the first of these situations—the UTOS explicitly states, "in no event shall GoDaddy's total aggregate liability exceed $10,000.00 U.S. dollars." (Doc. 20-2 at 11.)

Leo's counterargument is two-fold: (1) the UTOS liability limitation provision is substantively unconscionable[1] because $10,000 is inadequate to compensate Leo for its losses and (2) Leo's attorneys' fees should be included in determining the amount in controversy. (Doc. 25.)

Taking these arguments in reverse order, Leo cannot rely on its attorneys' fees to inch this case above the jurisdiction threshold because the UTOS explicitly limits GoDaddy's "total aggregate liability" to $10,000, and the only other UTOS provision that references attorneys' fees requires Leo to indemnify GoDaddy for attorneys' fees in certain situations. (Doc. 20-2 at 11.) Leo therefore cannot rely on A.R.S. § 12-341.01(A)—a fee-shifting statute for actions arising out of contract—because the parties' contract controls to the exclusion of the statute. *Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 642 (9th Cir. 2016).

---

[1] "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed," whereas procedural unconscionability concerns the fairness of the bargaining process itself. *Maxwell v. Fidelity Fin. Services, Inc.*, 907 P.2d 51, 57-58 (Ariz. 1995). Leo's argument concerns the fairness of the liability limitation provision, not the fairness of the bargaining process.

Next, the UTOS liability limitation provision is not substantively unconscionable.[2] Arizona law "generally presumes, especially in commercial contexts, that private parties are best able to determine if particular contractual terms serve their interests." *1800 Ocotillo, LLC v. WLB Grp., Inc.*, 196 P.3d 222, 224 (Ariz. 2008). Arizona courts therefore "uphold limitation of liability provisions absent 'an identifiable public policy that clearly outweighs any interests in their enforcement.'" *Love v. W. Union Fin. Services, Inc.*, No. CV-16-00051-PHX-SRB, 2016 WL 9343081, at *4 (D. Ariz. May 6, 2016) (quoting *1800 Ocotillo*, 196 P.3d at 226). Leo identifies no public policy that clearly outweighs the interests in enforcement of the UTOS's liability limitation provision. To the contrary, the Arizona Supreme Court has explained that "[s]uch clauses may desirably allow the parties to allocate as between themselves the risks of damages in excess of the agreed-upon cap, which could preserve incentives for one party to take due care while assigning the risk of greater damages to another party that might be better able to mitigate or insure against them." *1800 Ocotillo*, 196 P.3d at 226.

Leo instead relies on *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113 (N.D. Cal. 2018), a case from the Northern District of California applying California unconscionability law. *In re Yahoo!* says nothing about Arizona public policy, as it does not address Arizona law, and the Court could find no Arizona case relying on it. Leo also cites *Nomo Agroindustrial Sa De CV v. Enza N. Am., Inc.*, 492 F. Supp 2d 1175 (D. Ariz. 2007), a decision that dealt with the enforceability of contracts that limited damages for defective seeds. *Nomo* speaks to public policy concerns unique to the agricultural context, but does not persuade this Court that the UTOS liability limitation provision is unconscionable.

Accordingly, the Court lacks subject-matter jurisdiction over this action because the

---

[2] It is not premature to decide the unconscionability question. Although a party raising unconscionability must be given an opportunity to present evidence, a separate, formal evidentiary hearing is not required. *Maxwell*, 907 P.2d at 56. Arizona law requires only a reasonable opportunity to present evidence. *Id.* Leo argues that the UTOS liability limitation provision is substantively unconscionable because $10,000 is inadequate to compensate Leo for its losses. Leo put on evidence of these losses during the October 29, 2019 hearing on the parties' competing motions.

UTOS liability limitation provision makes it legally certain that the amount in controversy is less than $75,000. The Court therefore dismisses this case and does not reach GoDaddy's alternative arguments under Federal Rule of Civil Procedure 12(b)(6), or Leo's request to preliminarily enjoin GoDaddy from withholding access to the Domain.

**IT IS ORDERED** that GoDaddy's motion to dismiss under Fed. R. Civ. P. 12(b)(1) (Doc. 18) is **GRANTED**. This matter is dismissed without prejudice. The Clerk is directed to terminate all remaining motions as moot and close this case.

Dated this 19th day of February, 2020.

Douglas L. Rayes
United States District Judge