**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo India Films Limited,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC,<br><br>　　　　　Defendant. | No. CV-19-04803-PHX-DLR<br><br>**ORDER** |

Defendant GoDaddy.com LLC ("GoDaddy") renews its motions to dismiss Plaintiff Leo India Films Limited's ("Leo") Complaint for lack of subject matter jurisdiction and failure to state a claim. (Docs. 55 and 56). For the following reasons, the Court denies the motions.

**I. Background**

GoDaddy is an internet domain name registrar; Leo operates einthusian.tv, a subscription website streaming Indian and other South Asian films. Leo entered into an Agreement with GoDaddy, wherein Leo registered the einthusan.tv domain name ("Domain") with GoDaddy in February 2013 and agreed to GoDaddy's Universal Terms of Service ("UTOS") in the process. In July 2019, GoDaddy suspended the Domain. Thus, for a time, Leo's subscribers were unable, to access the Domain and Leo was unable to transfer it to a new domain registrar. Leo soon brought this lawsuit, alleging contract and tort claims against GoDaddy based on its suspension of the Domain.

Based on the amount in controversy requirement for diversity jurisdiction, the Court dismissed the complaint. The Ninth Circuit vacated the decision and remanded the matter back to the district court "for further consideration in light of *Geographic Expeditions*." *Leo India Films Ltd. v. GoDaddy.com, LLC*, 840 F. App'x 227, 228 (9th Cir. 2021).

**II. Analysis**

    **A. Subject Matter Jurisdiction: Amount in Controversy**

GoDaddy has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing there is no federal jurisdiction because the UTOS explicitly limits GoDaddy's total aggregate liability to $10,000. (Docs. 18 and 56.) Ordinarily, a good-faith allegation that the amount in controversy exceeds $75,000 satisfies the jurisdictional requirement. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Dismissal is appropriate, however, if it appears to a legal certainty that the claim really is for less than the jurisdictional amount. *Pachinger v. MGM Grande Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (citing *St. Paul*, 303 U.S. at 288-89). "Only three situations clearly meet the legal certainty standard: 1) when the terms of a contract limit the plaintiff's possible recovery; 2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and 3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* at 364 (quoting 14A Wright, Miller, and Cooper, Federal Practice and Procedure, Jurisdiction, § 3702 at 48-50 (2d ed. 1985)).

GoDaddy argues that this case falls within the first of these situations—the UTOS explicitly states, "in no event shall GoDaddy's total aggregate liability exceed $10,000.00 U.S. dollars." (Doc. 20-2 at 11.) Whether or not this argument would carry the day, Arizona law renders limitation-of-liability clause inapplicable to claims alleging that the party seeking to limit liability engaged in fraud or bad faith. *Airfreight Exp. Ltd v. Evergreen Air Ctr., Inc.*, 158 P.3d 232, 239-40 (Ariz. Ct. App. 2007). Because, as determined below, Leo has sufficiently pled bad faith, it is not legally certain that the amount in controversy is less than $75,000, and the Court thus has subject matter

jurisdiction over the claims.

## B. Failure to State a Claim

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The Court looks only to the four corners of the complaint and any documents attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

### 1. Claim One: Breach of Contract

In claim one, Leo argues that GoDaddy breached the agreement—in which "[Leo] paid GoDaddy a fee to register a domain name with its registry"—when it suspended Leo's account and locked the domain without justification. (Doc. 1 at 7.) Citing a provision of the UTOS,[1] GoDaddy counters that it was authorized to take that action in response to a letter from Indian law enforcement. Be that as it may, the complaint does not reference the letter, nor is the letter attached to the complaint. In fact, the complaint doesn't reference this communique at all. Thus, the Court cannot consider it on a 12(b)(6) motion, and claim one survives.

### 2. Claim Two: Breach of Implied Covenant of Good Faith and Fair Dealing

Every contract includes an implied covenant of good faith and fair dealing, and that

---

[1] "GoDaddy expressly reserves the right to deny, cancel, terminate, suspend, lock, or modify access to (or control of) any Account or Services (including the right to cancel or transfer any domain name registration) for any reason (as determined by GoDaddy in its sole and absolute discretion), including but not limited to the following: . . . (v) to comply with requests of law enforcement [or] (vii) to defend any legal action or threatened legal action." (Doc. 1-2 at 21.)

due requires a contracting party not to impair the other party's rights flowing from the contract. *See Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986). Here, Leo alleges that GoDaddy breached the implied covenant of good faith and fair dealing when it "lock[ed] the Domain for an indefinite period of time and prevent[ed] its transfer." This claim survives.

### 3. Claim Three: Tortious Interference with Contract and Business Relations

Tortious interference requires demonstrating "(1) existence of a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 31 (2002). Leo alleges that GoDaddy knew of its business relationships with advertisers and users on its website, disabled the Domain subject to the Agreement, causing damage to Leo's business relationships, and acted improperly in disabling the Domain. Leo has stated a claim for Tortious Interference with Contract.

### 4. Claim Four: Declaratory Judgment of Unconscionability[2]

Leo's fourth claim arises under the Declaratory Judgment Act, which allows federal courts to "declare the rights and other legal relations of any interested party," so long as there is "a case of actual controversy." 28 U.S.C. § 2201. Specifically, Leo alleges that certain provisions of the Agreement with GoDaddy are unconscionable.

Unconscionability comes in two flavors: procedural unconscionability and substantive unconscionability. *Pac. Am. Leasing Corp. v. S.P.E. Bldg. Sys., Inc.*, 152 Ariz. 96, 103 (Ct. App. 1986). Substantive unconscionability—the sole basis for Leo's argument—concerns the actual terms of the contract and the relative fairness of the parties' obligations. Indicia of substantive unconscionability include one-sided terms that oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights

---

[2] This claim is the fourth listed in the complaint, albeit under the header "Third Count."

imposed by the bargain, and significant cost-price disparity." *Nelson v. Rice*, 198 Ariz. 563, 567–68 (Ct. App. 2000). Leo has sufficiently stated a claim by alleging that certain portions of the UTOS are unconscionable because of an overbroad award of discretion to GoDaddy. (Doc. 1 at 9-10.) This claim survives.

### III. Conclusion

It is not a legal certainty that the amount in controversy is less than $75,000; therefore, the Court has subject matter jurisdiction over the complaint. The Court also finds that Leo's complaint satisfies federal pleadings standards.

**IT IS ORDERED** that GoDaddy's Motions to Dismiss (Docs. 18, 55, 56) are **DENIED**.

Dated this 18th day of March, 2022.

Douglas L. Rayes
United States District Judge