**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leo India Films Limited, | No. CV-19-04803-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| GoDaddy.com LLC, | |
| Defendant. | |

At issue is Plaintiff Leo India Films Limited's ("Leo") motion for leave to file an amended complaint. (Doc. 120.) Defendant GoDaddy.com LLC's ("GoDaddy") filed a response in opposition (Doc. 121), to which Leo did not file a reply.

GoDaddy is an internet domain name registrar. Leo operates einthusian.tv, a subscription website streaming Indian and other South Asian films. Leo registered the einthusan.tv domain name ("Domain") with GoDaddy. In July 2019, GoDaddy suspended the Domain. Consequently, Leo's subscribers were, for a time, unable to access the Domain and Leo was unable to transfer it to a new domain registrar. Leo brought this lawsuit soon after, alleging contract and tort claims against GoDaddy based on its suspension of the Domain.

In February 2020, the Court dismissed this case for lack of subject-matter jurisdiction. Leo appealed, and the Ninth Circuit reversed and remanded.

On May 20, 2022, the Court entered a scheduling order that, among other things, set a July 31, 2022 deadline for amending pleadings. Leo filed its first amended complaint

("FAC") on July 29, 2022. The FAC alleges that GoDaddy unlocked the Domain in February 2020, at which point Leo was able to transfer it to another registrar. GoDaddy moved to partially dismiss the FAC, which the Court granted in part. The parties thereafter proceeded with discovery. In an October 30, 2023 interrogatory response, GoDaddy disclosed that it had unlocked the Domain in October 2019.

Though the deadline for amending pleadings has long since passed, Leo now seeks leave to file a second amended complaint ("SAC") adding factual allegations that (1) GoDaddy unlocked the Domain on October 18, 2019, but did not notify Leo, despite knowing that Leo wanted to transfer the Domain to another registrar, (2) Leo therefore was unable to transfer the Domain to another registrar prior to the critical holiday season for its business, and instead (3) Leo discovered on its own that the Domain had been unlocked in February 2020 and only then was able to transfer it to another registrar.

A party seeking to amend a pleading after the date specified in the scheduling order first must show good cause for modifying the scheduling order. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 609 (internal citations omitted). If good cause supports deviation from the scheduling order, the Court then assesses the propriety of the motion for leave to amend by considering factors such as bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the complaint previously has been amended. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Leo has not shown good cause for modifying the scheduling order to allow for a late amended pleading. To start, Leo's motion does not even acknowledge that Rule 16's

heightened good cause standard governs its request. Leo only addresses Rule 15. Leo's failure to address the good cause standard is a sufficient basis for denying its motion. But even if Leo had addressed the proper standard, it has not shown that it was diligent in seeking this amendment for at least two reasons. First, GoDaddy's answer to Leo's FAC—filed in July 2023—included an affirmative defense of contributory fault, in which GoDaddy claimed that Leo could have transferred the domain to a different registrar long before it ultimately did so. This allegation put Leo on notice that the Domain might have been unlocked prior to February 2020. Second, even after GoDaddy disclosed that it had unlocked the Domain in October 2019, Leo waited three months before seeking leave to amend its complaint to add the allegations at issue. Because Leo has not shown it was diligent in pursuing this amendment, "the inquiry should end." *Johnson*, 975 F.2d at 609.

Permitting an amendment at this late stage would also be prejudicial to GoDaddy and would further delay this case. Fact discovery is closed. Expert discovery closes in November. Dispositive motions are due on December 16, 2024. The Court recently denied Leo's *eighth* motion to continue these case deadlines, finding no good cause because Leo had not acted with diligence in seeking the extension. Leo attempts to minimize the impact of its amendment, claiming that the allegations merely support existing claims. But, as GoDaddy correctly explains in its response, to date Leo's claims have been predicated on allegations that GoDaddy impermissibly locked the Domain, not that GoDaddy affirmatively concealed the fact that the Domain had been unlocked in October 2019. Leo's proposed amendment therefore would inject a new factual theory of liability into the case. To be clear, nothing in this order precludes Leo from using GoDaddy's disclosures as evidence to support its existing claims, or from attempting to rebut GoDaddy's affirmative defense of contributory fault by presenting evidence that it was unaware the Domain had been unlocked earlier than February 2020. But what Leo cannot do is inject at this stage a new theory that GoDaddy affirmatively concealed the unlocking of the Domain from Leo, thereby causing further damage.

For these reasons,

**IT IS ORDERED** that Leo's motion for leave to amend (Doc. 120) is **DENIED**.

Dated this 20th day of September, 2024.

_____

Douglas L. Rayes
Senior United States District Judge