## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Leo India Films Limited,

Plaintiff,

v.

GoDaddy.com LLC,

Defendant.

No. CV-19-04803-PHX-DLR

**ORDER**

Before the Court is Defendant GoDaddy.com LLC's ("GoDaddy") motion for award of attorneys' fees. (Docs. 183, 184, 192.) Pursuant to Federal Rule of Civil Procedure 54, LRCiv 54.2, and A.R.S. § 12-341.01(A), GoDaddy seeks $654,529.57 in attorneys' fees from Plaintiff Leo India Films Limited ("Leo"). (Docs. 183 at 2; 192 at 19.) The motion is fully briefed (Docs. 203, 204, 205, 210) and neither party requested oral argument. For the following reasons, GoDaddy's motion is granted.

## I.    Background

Leo contracted with GoDaddy to register the domain name "Einthusan.tv" ("Domain"). (Doc. 19 at 4.) GoDaddy suspended the Domain in response to a letter from the Office of Inspector General of Policy, Maharashtra Cyber in Mumbai, India. (Docs. 13-2 at 74; 19 at 5; 19-1 at 67.) Leo's operative first amended complaint ("FAC") asserted four counts: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing, sounding in tort or alternatively, in contract; (3) tortious interference with

contract and business relations; and (4) procedural and substantive unconscionability. (Doc. 76 at 7–12.) The Court partially granted GoDaddy's motion to dismiss the FAC, dismissing the tort-based implied covenant claim and the procedural-unconscionability claim. (Doc. 106 at 4–7.) The Court then granted GoDaddy's motion for summary judgment (Doc. 167), and the Clerk entered judgment in favor of GoDaddy (Doc. 168). GoDaddy now timely moves for attorneys' fees within the timeframe of the parties' stipulation. (Docs. 181, 182.)

**II.   Discussion**

Rule 54(d) provides that the prevailing party in an action may be entitled to attorneys' fees and should be allowed costs. Fed. R. Civ. P. 54(d). A party requesting an award of attorneys' fees must show that it is: (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable amount. LRCiv 54.2(c)(1)–(3). "Rule 54(d)(2) creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Rule 52(d)(2) requires an independent source of authority for an award of attorneys' fees, which may come from a rule, statute, or contract authorizing such an award. *Id.* at 1281 (citation omitted).

GoDaddy bases its fee award on § 12-341.01(A) which provides in relevant part that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney[s'] fees."

**A.   Eligibility**

GoDaddy argues it is eligible for attorneys' fees under § 12-341.01(A) as the prevailing party and because all of Leo's claims arise out of contract or are interwoven with a contract claim. (Doc. 192 at 9–13.) Leo does not contest GoDaddy's eligibility under the statute.

**B.   Entitlement**

The Court exercises broad discretion when determining whether to award fees under § 12-341.01(A), which permits but does not require fee shifting. In exercising that discretion, the Court is guided by the following six factors:

> (1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits.

*Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *7 (D. Ariz. May 13, 2019).

GoDaddy argues it is entitled to attorneys' fees because (1) Leo's claim were meritless; (2) the case could have settled; (3) assessing fees would not cause extreme hardship for Leo; (4) GoDaddy prevailed with respect to all relief; (5) the issues were not novel; and (6) GoDaddy's requested award is reasonable and thus would not deter others from bringing meritorious suits. (Doc. 192 at 13–18.)

Most, if not all, of these factors favor an award of attorneys' fees. The first factor, the merits of Leo's claim, weighs in favor of an award. GoDaddy successfully defeated Leo's claims at the motion to dismiss and summary judgment stages. GoDaddy prevailed because the Court found the contract was standard to the industry—Leo used contracts with similar provisions—and that GoDaddy simply exercised its express contractual rights. (Doc. 167 at 5–7.)

The second factor, whether litigation could have been avoided or settled, is at best neutral. GoDaddy submits that it sought to settle the claims at various times, and that Leo rejected all settlement attempts. Leo argues that the litigation was prolonged because GoDaddy did not disclose until February 2020 that it unlocked the Domain in October 2019. (Docs. 203 at 10; 203-1 at 3.) It seems both parties may have taken actions that prolonged the litigation and affected the calculus on whether and when to settle and thus this factor does not weigh for or against an award.

As for the third factor, Leo, as the party opposing an attorneys' fees request, bears the burden of making a prima facie showing of financial hardship. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1990). To do so, Leo submits its tax returns from 2018–21 and a declaration that its net income since 2021 has not exceeded the amount

from 2021. (Doc. 203-1 at 4, 7–54.) Leo, however, does not provide tax returns for any years after 2021. This is insufficient for Leo to carry its burden. *See Ogden v. CDI Corp.*, No. CV08-02180-PHX-DGC, 2013 WL 1149913, at *2 (D. Ariz. Mar. 20, 2013), *aff'd*, 599 F. App'x 320 (9th Cir. 2015) (Plaintiff did not "provid[e] tax returns, bank statements, or income slips showing concrete evidence that his income or assets are insufficient to pay attorneys' fees in this case."). Because Leo has not made a prima facie showing of hardship resulting from the imposition of fees, the Court finds that the third factor does not weigh against awarding attorneys' fees.

The fourth factor weighs in favor of an award because GoDaddy was the prevailing party on all claims. Leo does not dispute this factor weighs in GoDaddy's favor. The fifth factor, the novelty of the issues, weighs in favor of an award of attorneys' fees. As indicated for the first factor, this was a straightforward contract case involving an industry standard contract and actions by GoDaddy pursuant to its express contractual rights. The sixth factor also weighs in favor of an award. Plaintiffs who, considering the express language of a contract, have a meritorious breach of contract claim will not be deterred from bringing suit.

Having considered these factors and all other circumstances, the Court finds an award of fees to be appropriate.

### C.    Reasonableness

Because the Court concludes that GoDaddy is entitled to attorneys' fees, the Court must determine whether GoDaddy's request is reasonable. *See* LRCiv 54.2(c). When analyzing attorneys' fees for reasonableness, the Court must determine that: (1) the hourly billing rate is reasonable; and (2) the hours expended on the case are reasonable. GoDaddy argues that both are reasonable. (Doc. 192 at 18–22.) Here, GoDaddy requests $654,529.57 in attorneys' fees based on 1,388.4 hours of work on this case including the work associated with preparing this motion. (*Id.* at 19.) Leo does not contest the overall reasonableness of the rate charged or the reasonableness of the number of hours GoDaddy's counsel expended. Rather, Leo argues that some of GoDaddy's billing entries are procedurally

deficient. (Doc. 203 at 14–17.) LRCiv 54.2(e)(2) requires that a fee application include a task-based itemized statement of attorney fees that "adequately describe[s] the services rendered so that the reasonableness of the charge can be evaluated," without divulging privileged information.

First, Leo objects to certain entries for insufficient communication descriptions pursuant to LRCiv 54.2(e)(2)(A) for either not stating the reason for the telephone call or email or for not identifying all parties. (*Id.* at 56.) Entries for phone calls "must identify all participants and the reason for the telephone call." LRCiv 54.2(e)(2)(A). By logical extension, entries for emails should include comparable descriptions. The Court sustains Leo's objections to entries that do not state the reason for the telephone call or email. Accordingly, the Court will reduce the award of attorneys' fees by $1,885.00 for failure to comply with Local Rule 54.2(e)(2)(A). But the Court overrules Leo's objection that the entry dated September 27, 2019, for attending a telephonic status conference with the Court is insufficient because it does not identify all parties that appeared. Parties announce their appearance before this Court. The identities of the participants at this telephonic conference are not a mystery. (*See* Doc. 32.)

Next, Leo objects to certain entries for insufficient legal research descriptions pursuant to LRCiv 54.2(e)(2)(B). (Doc. 203-1 at 57–59.) Entries for legal research "must identify the specific legal issue researched and, if appropriate, should identify the pleading or document the preparation of which occasioned the conduct of the research. Time entries simply stating 'research' or 'legal research' are inadequate[.]" LRCiv 54.2(e)(2)(B). The Court overrules these objections because the entries sufficiently state which pleading or document the legal research is being conducted for thus allowing the Court to determine the reasonableness.

Then Leo objects to certain entries for insufficient preparation descriptions pursuant to LRCiv 54.2(e)(2)(C). (*Id.* at 59–72.) Entries for preparing pleadings or other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation[.]" LRCiv(e)(2)(C). The Court overrules these objections because all

the entries comply with the Rule and sufficiently identify both the task being performed and the relevant pleading.

Finally, Leo objects to certain entries as listing clerical tasks. (*Id.* at 73.) Attorneys are generally not allowed to recover fees for clerical tasks. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (purely clerical tasks, such as filing and document organization, should be "subsumed in firm overhead"). Courts have previously found the following tasks to be clerical: calendaring activities, scheduling depositions, bates labeling documents, reviewing court notices, communicating with court staff, scheduling, informing a client that a document has been filed, and informing a client of a hearing date. *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CV-04-0619-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008); *HRPT Properties Trust v. Lingle*, 775 F. Supp. 2d 1225, 1241 (D. Haw. 2011); *Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii*, No. CV-09-00162-HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010). The Court overrules Leo's objections to entries listing travel time. Travel time is not a clerical task. But the Court sustains the objections to the other three entries as these are communications with court and mediation staff. Accordingly, the Court will reduce the award of attorneys' fees by $185.00.

The Court will reduce the requested award of $654,529.57 by $1,885.00 for entries lacking sufficient detail to determine reasonableness under LRCiv. 54.2(e)(2)(A) and by $185.00 for clerical tasks.

**IT IS ORDERED** that GoDaddy's motion (Doc. 183) is **GRANTED. IT IS FURTHER ORDERED** awarding GoDaddy attorneys' fees in the amount of $652,459.57 against Leo.

Dated this 13th day of May, 2026.

Douglas L. Rayes
Senior United States District Judge

- 6 -